LIVERPOOL & LONDON & GLOBE INS. CO., Limited, v. HARDING.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1912.)

No. 3,720.

*(Syllabus by the Court.)*

INSURANCE (§ 229*)—CANCELLATION OF POLICY BY INSURER—NOTICE AND TENDER—FOREIGN CORPORATION.

Under the provision of an insurance policy that it may be canceled by the insurer by giving notice of cancellation and tendering a ratable proportion of the premium to the insured, mailing a proper notice, or a copy of it, and the return premium in a letter postpaid and addressed to the insured at its post office address, or delivering a copy of the notice and the return premium to an agent in charge of its office and business, are sufficient to effect the cancellation, where the insured is a foreign corporation, and all its officers are absent from the state in which its office, its principal place of business, and the property insured are situated.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 500–503; Dec. Dig. § 229.*]

In Error to the Circuit Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by Herbert N. Harding against the Liverpool & London & Globe Insurance Company, Limited. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

N. H. Chase, of Minneapolis, Minn. (M. H. Boutelle, of Minneapolis, Minn., on the brief), for plaintiff in error.

L. K. Luse, of Superior, Wis. (L. T. Powell and C. Z. Luse, both of Superior, Wis., on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The Liverpool & London & Globe Insurance Company, Limited, a corporation, sued Herbert N. Harding, its agent, for damages for his failure to obey its order to cancel its policy of insurance on certain buildings, machinery, and fixtures of the Northern Pine Crating Company, a corporation, which were situated in the village of Cass Lake in the state of Minnesota, where Harding resided, and there was a verdict and judgment for the defendant. This writ of error questions that judgment.

The Northern Crating Company was a corporation of the state of Wisconsin, but its manufacturing plant, its principal place of business, and its office for the transaction of business were at Cass Lake, in the state of Minnesota. Its officers, who controlled its business, were E. E. Kenfield, its president, O. A. Lamoreaux, its treasurer, who were engaged in business under the firm name of Kenfield & Lamoreaux, at Washburn, in the state of Wisconsin, and its secretary, M. S. Lamoreaux, who resided in Chicago and never went to Cass Lake. John G. Oman was the bookkeeper of the company. He resided at Cass Lake, worked in the office of the company there, but did not have charge of its insurance. In June, 1909, when the transactions were had which condition the controversy in this case, Kenfield was not at Cass Lake, O. A. Lamoreaux was not there after the 1st of June, and after his departure Oman, the bookkeeper, was the employé of the company in charge of its office and business. The Crating Company held a policy of insurance against fire on its property at Cass Lake for $3,000, issued by the plaintiff, which contained the familiar clause:

"The company also reserves the right, after giving written notice to the insured, and to any mortgagee to whom this policy is made payable, and tendering to the insured a ratable proportion of the premium, to cancel this policy as to all risks subsequent to the expiration of 10 days from such notice."

The defendant, Harding, was the agent of the plaintiff. He had issued this policy to the Crating Company on the plaintiff's behalf, he had authority from the latter to cancel it, and it was his duty to make the cancellation promptly whenever requested by the plaintiff so to do. Phœnix Ins. Co. v. Pratt, 36 Minn. 409, 31 N. W. 454; Franklin Ins. Co. v. Sears (C. C.) 21 Fed. 290, 293.

One of the excuses for his delay in giving notice to the insured of the cancellation of the policy pursuant to the order of the company, which the defendant persistently urged at the trial, was that the only officers of the company upon whom he could serve a legal notice of cancellation were absent from the state of Minnesota, and that he would have been obliged to go to Washburn, in the state of Wisconsin, where they were engaged in business, a distance of 200

miles, to give them notice and to tender to them the return premium. It is assigned as error that the court below so charged, and a careful reading of the record of the proceedings below discloses the fact that this theory dominated the trial, the charge, and the result. Was it sound? The property insured was at Cass Lake, in the state of Minnesota. It was owned and insured by a foreign corporation, all of whose officers were then, and generally, absent from the state. The principal, if not the only, place of business of the insured corporation was at Cass Lake. There were the buildings, the machinery, and the office with which it conducted its business, and there necessarily was the agent of the corporation in charge of that property, that business, and that office, in the prevailing absence of the officers of the company. Cass Lake, Minn., was the post office address of the Crating Company, and the record discloses the fact that the notice of cancellation, addressed and mailed to it at that place on June 19, 1909, was received by it, answered, and acted upon. The notice by the terms of the policy was to be given to the corporation, and that entity could not be heard to say that one whom it empowered to receive for it its letters from the Post Office Department was not authorized to receive for it the notices and the contents which those letters contained. A notice by mail, which is received by the party to be notified, is sufficient, where no other method of giving the notice is prescribed, and the legal presumption is that a letter properly addressed to the party to be notified, postpaid and mailed, is received by the addressee. Crown Point Iron Co. v. Ætna Ins. Co., 127 N. Y. 608, 619, 28 N. E. 653, 14 L. R. A. 147. The Revised Laws of Minnesota of 1905 (section 4109) provide that service of a summons in a civil action may be made on a foreign corporation having property and doing business in the state of Minnesota by delivering a copy thereof to any of its officers or agents within the state, and a higher degree of service of a notice of cancellation of an insurance policy ought not to be necessary.

Our conclusion is that under the provision of an insurance policy that it may be canceled by the insurer by giving notice of cancellation and tendering a ratable proportion of the premium to the insured, mailing the notice, or a copy of it, and the return premium in a letter postpaid and addressed to the insured at its post office address, or delivering a copy of the notice and the return premium to an agent of the insured in charge of its office and business, are sufficient to effect the cancellation, where the insured is a foreign corporation, and all its officers are absent from the state in which its office, its principal place of business, and the property insured are situated. A foreign corporation may not perpetuate its insurance under such a policy by selecting officers who absent themselves from the state where its property insured, its office, business, and post office address are situated, and failing to give express authority to its agent in charge thereof to accept notice of cancellation and the return premium. Because the court below fell into an error in this regard, the judgment below must be reversed, and the case must be tried again.

. Other specifications of error were made and have been discussed by counsel. But as the conclusion already reached must radically change the course of the next trial, and the evidence therein may differ from that now before us, so that the issues of law urged upon our consideration at this time may become moot questions, or disappear entirely, the case will not now be farther considered.

·Let the judgment below be reversed, and the case be remanded for a new trial.